303

**UNITED STATES of America,**
**Appellee,**

v.

**Daniel R. THOMAS, Defendant–**
**Appellant.**

**Docket No. 03–1283.**

United States Court of Appeals,
Second Circuit.

March 10, 2004.

Margaret M. Shalley, Fasulo, Shalley & Dimaggio, New York, NY, for Appellant.

Thomas G.A. Brown, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Laura Grossfield Birger, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

---

\* The Honorable Damon J. Keith of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

PRESENT: WALKER, Chief Judge, CARDAMONE, and KEITH,\* Circuit Judges.

SUMMARY ORDER

Defendant-appellant Daniel R. Thomas was convicted after jury trial of being a repeat felon in possession of a firearm under possessing a firearm under 18 U.S.C. §§ 922(g)(1) and 924(e) and sentenced to 188 months' imprisonment, to be followed by three years' supervised release.

On appeal Thomas argues that he was deprived of a fair trial by (1) instances of prosecutorial misconduct; (2) the admission of a prior conviction under Fed. R.Evid. 404(b) that (a) occurred more than two decades before the instant offense and (b) was not substantially similar to the instant offense; and (3) the exclusion of the testimony of a witness who would have asserted his privilege against self-incrimination. We affirm.

As to Thomas's first argument, the prosecutor's remarks during summation were proper and Judge Keenan's instructions to the jury mitigated any prejudice. Moreover, the district court promptly sustained objections to the two cross-examination questions about which Thomas complains. When viewed against the entire trial, the prosecutor's conduct did not deprive Thomas of a fair trial. *United States v. McCarthy,* 54 F.3d 51, 55 (2d Cir.1995); *United States v. Pena,* 793 F.2d 486, 490 (2d Cir.1986).

As to Thomas's second argument, we need not reach the merits of whether the district court abused its discretion by admitting a 22–year old conviction under Fed. R. 404(b) because any error was

harmless. *See United States v. Germosen,* 139 F.3d 120, 127 (2d Cir.1998). The jury would have convicted Thomas on the sheer implausibility of his defense, the inconsistencies in his trial testimony and the doubt cast upon his credibility by cross-examination. *See United States v. Rea,* 958 F.2d 1206, 1220 (2d Cir.1992).

Finally, the district court did not abuse its discretion by excluding the testimony of Thomas's witness because the assertion of the Fifth Amendment privilege would have had a highly prejudicial effect. A district court has the discretion to prevent a party from calling a witness solely to have him invoke the privilege against self-incrimination in front of the jury. *United States v. Deutsch,* 987 F.2d 878, 883–84 (2d Cir. 1993).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**